# In the United States Court of Federal Claims

**No. 09-579C**
**(Filed February 19, 2010)**

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                          *
MICHELLE D. CONNELL and HI-TECH          *
BED SYSTEMS, CORPORATION,                *
                                          *
        Plaintiffs,                       *
                                          *
        v.                                *
                                          *
THE UNITED STATES,                        *
                                          *
        Defendant,                        *
    and                                   *
                                          *
CLARK/BLINDERMAN/KNIGHT LLC,  et al.,    *
                                          *
        Third-Party Defendants.           *
                                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

_____

ORDER GRANTING LEAVE TO APPEAR AND JOIN MOTION
_____

This matter comes before the Court on the unopposed motion of five entities -- Clark/Blinderman/Knight LLC, Clark/Blinderman Joint Venture, CBZG Design Builders, LLC, Clark Blinderman Camp Porter LLC, and Calculus Ltd. ("third parties") -- for leave to appear and join Defendant's partial motion to dismiss.

Plaintiffs are seeking, inter alia, monetary and injunctive relief for the alleged infringement of Plaintiffs' United States Patent No. 6,611,973, entitled "Bed Structure With Storage Area," issued September 2, 2003, and United States Patent No. 6,066,080, entitled "Bed Structure with Storage Area," issued on November 22, 2005. Plaintiffs also claim that the government failed to keep their prototypes confidential as required by contract.

On November 20, 2009, this Court authorized Defendant to issue notice to the five third parties to appear and assert whatever interest they may have in this litigation, in accordance with Rule 14(b) of the Rules of the United States Court of Federal Claims ("RCFC").

1

On January 4, 2010, Defendant filed a Partial Motion to Dismiss, arguing that this Court lacks jurisdiction over Plaintiffs' claims for declaratory and injunctive relief, and that the United States has not waived sovereign immunity for government-induced patent infringement.

The third parties assert that, beginning in 2003, certain of the accused bunk beds were delivered to the Navy for use in barracks at Recruit Training Center at Naval Station Great Lakes in Illinois by Clark/Blinderman/Knight LLC ("CBK") under a contract containing a clause that may obligate CBK to indemnify the United States for patent infringement liability arising from work performed under that contract.   The third parties further assert that CBK, through Clark/Blinderman Joint Venture ("CBJV"), subcontracted with to KLN Steel Products Co. Ltd. ("KLN") for the manufacture of the accused bunk beds.  This subcontract contains a clause that may obligate KLN to indemnify CBK, CBJV, and the United States for patent infringement liability arising from work performed under the subcontract.  Third party Calculus is a successor to KLN for its patent indemnity obligations under the subcontract.[1]

The third parties also assert that CZBG Design Builders, LLC ("CZBG") was awarded a contract in 2005 for the construction of the Camp Porter barracks at the Great Lakes Recruit Training Center.  CZBG subcontracted with Clark Blinderman Camp Porter LLC ("CBCP"), which in turn subcontracted with Calculus, to supply the accused bunk beds for the Camp Porter barracks.  Under the terms of these contracts, CZBG and CBCP may be obligated to indemnify the United States, and Calculus may be obligated to indemnify CBCP, CZBG, and the United States, for any patent infringement liability.

Under Rule 14(c), a party "served with a notice issued under this rule may file an appropriate pleading setting forth the [party's] interest in the subject matter of the litigation."  RCFC 14(c)(1)(A).  If the party does not appear, "any and all claims or interests in claims of any such [party] against the United States, in respect of the subject matter of such suit or proceeding, shall forever be barred."  41 U.S.C. § 114(b).  Because the third parties may be liable to the United States for damages should this Court find that the United States infringed Plaintiffs' patents-in-suit, they have asserted sufficient interests in Plaintiffs' claims against the United States to satisfy Rule 14.  As such, this Court grants the third parties' motion and permits them to join Defendant's January 4, 2010 partial motion to dismiss.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

---

[1] After entering the subcontract, KLN entered into an asset sale agreement.  Under the agreement, KLN changed its name to Calculus Ltd. and retained liability for any obligations that KLN incurred before the asset sale.